IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NIGEL NICHOLAS DOUGLAS,          :
                                 :
          Plaintiff              :
                                 :          CIVIL NO. 1:CV-13-1136
     vs.                         :
                                 :          (Judge Caldwell)
ROD JOSEPH,                      :
                                 :
          Defendant              :


M E M O R A N D U M

I.   *Introduction*

        On April 23, 2013, the pro se plaintiff, Nigel Douglas, a federal inmate

formerly housed at the United State Penitentiary in Allenwood, Pennsylvania, filed this

diversity action pursuant to 28 U.S.C. § 1332, raising Pennsylvania state-law claims of

replevin and conversion.[1]  Douglas claims that in July 2010 defendant, Rod  Joseph,

illegally seized and wrongly detained his paintings, drawings and related art supplies after

Douglas was placed in the Special Housing Unit (SHU) at Allenwood.  (Doc. 50, Am.

Compl.)  He estimates the value of his original paintings, and assorted art supplies, to be

$527,000.  (*Id.*, ECF p. 1).

        Presently before the court is Joseph's motion to dismiss, or in the alternative,

for summary judgment.  (Doc. 51).  The motion is properly supported with a statement of

undisputed facts, brief, and exhibits.  (Docs. 54-55).  Defendant moves to dismiss the

Amended Complaint on the following grounds: (1) lack of diversity jurisdiction; (2) the

---

        [1]  Douglas is presently housed at USP-Victorville, in Victorville, California.

doctrine of *res judicata*; (3) Plaintiff's failure to exhaust his administrative remedies; and (4) the statute of limitations.  (Doc. 54).

Douglas filed a response to Defendant's statement of material facts, an opposition brief, and supporting exhibits.  (Docs. 60-61).  He makes the following opposing arguments.  First, he meets the threshold $75,000 amount in controversy required for diversity jurisdiction based on his good faith evaluation of his original artwork and its sentimental value.  Alternatively, the value of his lost property is an issue for the jury to determine.  Second, *res judicata* does not bar his present action as his previous *Bivens* action was dismissed without an adjudication on the merits due to his failure to exhaust his administrative remedies.  Third, his failure to exhaust his administrative remedies does not bar his present action raising exclusively state-law claims.  Fourth, his September 2014 demand letter for the return of his property marks the starting point of the applicable two-year statute of limitations for his state-law claims, making the action timely.

As Douglas has failed to provide competent proof that he has satisfied the jurisdictional amount in controversy and his claim is barred by Pennsylvania's two-year statute of limitations, Defendant Joseph's motion for summary judgment will be granted.

II.     *Standard of Review*

   A.     *Motion to Dismiss - Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss on the ground that the court lacks subject-matter jurisdiction over the dispute.  The

Third Circuit has identified two types of challenges to the court's jurisdiction under Rule 12(b)(1): (1) facial challenges which are based on the legal sufficiency of the claim as pled on the face of the complaint; and (2) factual challenges which are based on the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Under Rule 12(b)(1), the applicable procedure depends on whether the challenge to the court's subject-matter jurisdiction is facial or factual. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When confronted with a facial attack, "the court must consider the allegations of the complaint as true." *Id.* at 891. The same is not true when addressing a factual attack on the court's jurisdiction. *Id.* When addressing factual challenges to the court's jurisdiction:

> the burden of proving that jurisdiction exists lies with the plaintiff, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Furthermore, "no presumptive truthfulness attaches to the plaintiff's allegations," and when the jurisdiction is intertwined with the merits, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

*Harris v. Kellogg Brown & Root Services*, *Inc.,* 724 F.3d 458, 464 (3d Cir. 2013), *cert. denied,* ____ U.S. ____, 135 S.Ct. 1152, 190 L.Ed.2d 910 (2015); *see also Pennsylvania v. Aichele*, 757 F.3d 347, 358-59 (3d Cir. 2014). Additionally, when addressing a factual dispute, the court may consider evidence outside of the pleadings. *See Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

B.     *Summary Judgment Standard*

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law."  *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).  In reviewing a motion for summary judgment, the court must view all facts "in the light most favorable to the non-moving party" and "all reasonable inferences [should be drawn] in that party's favor."  *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  *Id.* at 248, 106 S.Ct. at 2510.  A material fact is any fact that might affect the outcome of a suit under the governing substantive law.  *Gonzalez v. Sec'y of Dept. of Homeland Sec.,* 678 F.3d 254, 261 (3d Cir. 2012).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)(quoting *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2510).

III.   *Statement of Facts*

Between March 20, 2008 and September 20, 2010, Douglas was confined at USP Allenwood.  (Doc. 55, Def.'s Statement of Material Facts (DSMF ¶), ¶ 1; Doc. 61, Pl.'s Resp. to Def.'s Statement of Material Facts (PSMF), ¶ 1).  He has been housed at USP Victorville since September 23, 2010.  (DSMF ¶ ¶2; PSMF ¶ 2).

All individuals incarcerated in institutions operated by the BOP may challenge any aspect of their confinement using the Bureau of Prisons' (BOP) three-level administrative remedy process.  (DSMF ¶ ¶ 3; PSMF ¶ 3).  Initially, an inmate is to informally present the issue of concern to staff through an informal resolution attempt. (DSMF ¶ ¶ 4; PSMF ¶ 4).  If that does not resolve the issue, then the first level of review starts with the inmate submitting a formal request for administrative relief to the warden. (DSMF ¶ ¶ 5; PSMF ¶ 5).  The warden then responds to the inmate's complaint within 20 calendar days.  (DSMF ¶ ¶ 6; PSMF ¶ 6).  At the second level, an inmate dissatisfied with the warden's response may submit an appeal to the Regional Director within 20 calendar days.  (DSMF ¶ ¶ 7; PSMF ¶ 7).  If dissatisfied with the response from the Regional Director, at the third level the inmate may submit an appeal to the BOP's Central Office

within 30 calendar days.  (DSMF ¶ ¶ 8; PSMF ¶ 8).  The Regional Director has 30 days to

respond and the General Counsel has 40 days to respond.  (DSMF ¶ ¶ ¶ 9; PSMF ¶ 9).  No

administrative appeal is considered fully and finally exhausted until it has been considered

by the BOP's Central Office.  (DSMF ¶ ¶ ¶ 10; PSMF ¶ 10).

From July 2010 (the date Douglas's property was seized) until November 27,

2013, Douglas filed twenty-eight administrative remedies.  (DSMF ¶ ¶ ¶ 15).  Four of those

remedies concerned Douglas's claim that Defendant Joseph illegally seized and wrongly

withheld his paintings, drawings and related art supplies after Douglas was placed in the

SHU.  (DSMF ¶ ¶ ¶ ¶ 14-16).  On January 4, 2011, Douglas filed Administrative Remedy

No. 620970-F1 with the Warden at USP Victorville complaining about the alleged loss of

personal property.  (DSMF ¶ ¶ 17).  On January 4, 2011, the Warden rejected the remedy

as untimely filed.  (DSMF ¶ ¶ 18; PSMF ¶ 18).  On February 7, 2011, Douglas filed

Administrative Remedy No. 620970-F2 with the Warden at USP Victorville.  He again

complained about the alleged loss of property at USP Allenwood.  (DSMF ¶ ¶ 19).  His

remedy was rejected the same day as untimely filed and for being filed at the wrong level.

(DSMF ¶ ¶ 20; PSMF ¶ 20).  On February 22, 2011, Douglas appealed the Warden's

decision and filed Administrative Remedy No. 620970-R1 with the Regional Director's

office.  (DSMF ¶ ¶ 22).  The Regional Director rejected the appeal on March 1, 2011,

agreeing with the Warden's decision that the remedy was untimely filed.  (DSMF ¶ ¶ ¶ 23).

On March 23, 2011, Douglas appealed the Warden's and Regional Director's rejections

and filed Administrative Remedy No. 620970-A1 with the Central Office.  (DSMF ¶ ¶ ¶ 24;

PSMF ¶ 24).  On April 1, 2011, the Central Office rejected the appeal, concurring with the

Warden's rationale that Douglas's administrative remedy was untimely.  (DSMF ¶ ¶ ¶ 25;

PSMF ¶ 25).

IV.    *Discussion*

     A.    *Lack of Subject-Matter Jurisdiction.*

     It is well settled that a federal court has the responsibility to ensure that it has

subject-matter jurisdiction before addressing the merits of a case.  *In re Orthopedic "Bone*

*Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a case, over which the court

lacks subject matter jurisdiction was originally filed in federal court, it must be dismissed.")

     Federal district courts have diversity jurisdiction when the opposing parties

are citizens of different states and the amount in controversy, exclusive of interest and

costs, exceeds $75,000.  28 U.S.C. § 1332(a); *see also Kaufman v. Allstate N.J. Ins. Co.,*

561 F.3d 144, 148 (3d Cir. 2009).  The party asserting federal jurisdiction bears the burden

of showing that the case is properly before the court.  *Frederico v. Home Depot*, 507 F.3d

188, 193 (3d Cir. 2007).  In diversity cases, a party's good faith allegation of the amount in

controversy controls.  *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quoting

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82

L.Ed. 845 (1938)).  However, where a defendant or court challenges the plaintiff's

allegations regarding the amount in question, the plaintiff who asserts subject-matter

jurisdiction has the burden of proving its existence and must produce sufficient evidence to

-7-

justify its claims.  *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).  Where "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount", the case will be dismissed.  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *see also Dolin v. Asian American Accessories, Inc.*, 449 F. App'x 216, 218 (3d Cir. 2011)(nonprecedential).

The amount-in-controversy requirement "ensure[s] that diversity jurisdiction does not flood the federal courts with minor disputes."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005).

In circumstances where "both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."  *Id.*  However, claims for punitive damages "must be stricken from the amount in controversy" when they are unavailable as a matter of law.  *Id.*

Douglas claims diversity jurisdiction under 28 U.S.C. § 1332 on the basis that: (1) he is a resident of Texas or California and defendant Joseph is a resident of Pennsylvania; and (2) he suffered damages in excess of $527,000.  (Doc. 50, Am. Compl., ECF p. 1).  The diversity of citizenship of the parties is undisputed.[2]  Defendant Joseph argues that the action should be dismissed based on Douglas's inability to prove, to a degree of certainty, that the amount in controversy exceeds $75,000.  (Doc. 54, Def.'s Br.

---

[2]  Traditionally, prisoners are presumed to retain the domicile they had before they were incarcerated.  They do not acquire a new domicile based on the state where they are incarcerated. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013).  Accordingly, although presently incarcerated in California, Douglas's domicile continues to be Virginia, where he resided before he was incarcerated.  (Doc. 50, ECF pp. 1-2).

in Supp. Mot. to Dismiss, or in the alternative, Mot. for Summ. J.).  Douglas counters that

he in "good faith" valued each of his original pieces of artwork and that they collectively

exceed the jurisdictional amount in controversy.  He further argues that their actual value is

an issue for a jury to decide and cannot be presently addressed.  He further contends that

defendant Joseph should produce the lost property for appraisal by an appropriate outside

party.  (Doc. 60, Br. in Opp'n. to Def.'s Mot. for Summ. J., ECF pp. 2-3).

        In terms of actual damages, Douglas has lost eight original pieces of artwork

and personal art supplies and has assigned them an estimated value of $527,000.  Once

Defendant Joseph challenged Douglas's representation of the amount in controversy,

Douglas had the burden to demonstrate, by a preponderance of the evidence to a legal

certainty, that he can recover the $75,000 jurisdictional threshold.  Given the opportunity to

support his assertion of the requisite amount in controversy, Douglas provides no argument

or authority in support of a finding that he could possibility recover damages in excess of

$75,000.

        "[E]stimations of the amounts recoverable must be realistic."  *Samuel-Bassett*

*v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).  When determining whether a

complaint premised on diversity jurisdiction meets the amount in controversy, "[t]he inquiry

should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts,

because otherwise the policy to limit diversity jurisdiction will be frustrated."  *Id.*  "The

authority which the [diversity] statute vests in the court to enforce the limitations of its

jurisdiction precludes the idea that jurisdiction may be maintained by mere averment".

*McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

Although he attaches sentimental and artistic value to his artwork, Douglas provides no evidence for the court to utilize when evaluating the legal certainty of his claim for damages. While the court appreciates the talent and effort involved in producing such artwork, Douglas does not suggest that he has previously sold any of his works or that his artwork has ever been appraised at a minimum of $30,000 (the lowest value he places on any one of the missing pieces of art). Accordingly, Douglas has not met his burden of proving the jurisdictional amount in controversy by a preponderance of the evidence that his claim for damages is not legally certain to be less than $75,000. Contrary to Douglas's wishes, the issue of recoverable damages for the purpose of establishing diversity jurisdiction cannot be left to a jury. We cannot avoid deciding defendant Joseph's motion or postpone it until later, as Douglas suggests, as Defendant's motion challenges this court's very power to hear this case based on Douglas's inability to establish diversity jurisdiction. The court cannot find, based on the record before it, that the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C. § 1332.

B.    *Statute of Limitations*

"Replevin is an action at law to recover the possession of personal property and to recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." *Fenton v. Balick*, 821 F. Supp. 2d 775, 759 (E.D. Pa. 2011) (internal citation omitted). Under Pennsylvania law, conversion is the deprivation of another's right of

property, or use or possession of a chattel, or other interference therewith, without the owner's consent and without legal justification.  *See Kennedy v. Consol Energy Inc.*, 116 A.3d 626 (Pa. Super. Ct. 2015).  There is a two-year statute of limitations for claims of conversion and replevin under Pennsylvania law.  42 PA. CONS. STAT. ANN. 5524(3) and (4). *See Robinson Coal Co. v. Goodall*, 72 A.3d 685, 689-90 (Pa. Super. Ct. 2013) ("action for taking, detaining or injuring personal property, including actions for specific recovery thereof," is subject to the two-year statute of limitations of 42 PA. CONS. STAT. ANN. § 5524(3).).  In Pennsylvania, the statute of limitations begins to run when the cause of action accrues.  *See Fine v. Checcio*, 582 Pa. 253, 266, 870 A.2d 850, 857 (2005).  The cause of action accrues "when the plaintiff could have first maintained the action to a successful conclusion," *id.*, 870 A.2d at 857, generally, "when the injury is inflicted."  *Id.*, 870 A.2d at 857.

A statute-of-limitations defense may be raised by a Rule 12(b)(6) motion if the limitations bar is apparent on the face of the complaint.  *Schmidt v. Skolas,* 770 F.3d 241, 249-51 (3d Cir. 2014); *see also Stephen v. Clash*, 796 F.3d 281 (3d Cir. 2015).

Taking the factual allegations of the Complaint as true, we find that the claims accrued, and the statutes of limitations began to run, when Joseph allegedly seized and wrongfully detained Plaintiff's property in July 2010, thereby inflicting the injury. Accordingly, the state-law claims had to be filed within two years of July 2010.  Douglas

initiated this action in April of 2013.  Thus, it is patently untimely.[3]  Based on the allegations

of the Complaint, the two-year statutes of limitations for conversion and replevin expired

prior to Douglas' filing of this action.  Accordingly, even if Douglas could show this court

had subject-matter jurisdiction, he could not seek recovery of the property or its value due

to the expiration of the statute of limitations.

      *C.*    *Exhaustion*

      Defendant Joseph argues that Douglas's Amended Complaint must be

dismissed for failure to exhaust administrative remedies.  He is mistaken.  The Prison

Litigation Reform Act of 1995 (PLRA), does not apply.  The PLRA specifically provides "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or

*any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted."  42 U.S.C. §

1997e(a)(emphasis added).  Although Douglas is proceeding in federal court, he is

pursuing state-law claims.  Thus, section 1997(e)(a) does not apply.  Additionally, while

Pennsylvania does have its own PLRA, 42 PA. CONST. STAT. ANN. § 6601 *et seq.,* it "does

not contain an exhaustion requirement comparable to that in Section 1997e(a) of the

federal PLRA."  *Paluch*, *supra*, 84 A.3d at 1113.  Thus, Douglas was not required to

exhaust his administrative remedies prior to bringing this action in diversity.

---

[3] Unlike federal law, there is no tolling of the statute of limitations for Pennsylvania state-law claims during the period Douglas exhausted his administrative remedies.  *See Paluch v. Palakovich,* 84 A.3d 1109, 1113 (Pa. Commw. Ct. 2014).

V.      *Conclusion*

        Douglas has failed to carry his burden of establishing federal jurisdiction.  He has failed to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  Alternatively, his claims are barred by the statutes of limitations applicable to replevin and conversion claims under Pennsylvania law.

        We will issue an appropriate order.


                                              /s/ William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge


Date: February 12, 2016